UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD J. MASON,<br>Chapter 7 Trustee,<br><br>      Plaintiff,<br><br> v.<br><br>RICHARD J. KLARCHEK;<br>MICHELLE M. KLARCHEK;<br>ATG TRUST COMPANY, as Successor<br>to Northern Trust Company as Trustee<br>Under Trust Agreement Dated<br>January 31, 1995 and Known as Trust No.<br>9264; and ATG TRUST COMPANY,<br>as Successor to Northern Trust Company<br>as Trustee Under Trust Agreement Dated<br>October 31, 2002 and Known as Trust<br>No. 10009,<br><br>      Defendants. | Case No. 12-cv-9971<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Michelle M. Klarchek and ATG Trust Company, as trustee of ATG Trust No. 9264 and ATG Trust No. 10009, (collectively, the "Movants") move to withdraw the reference of this proceeding to the bankruptcy court, pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011. This matter has been fully briefed. Based on the analysis below, the motion is denied.

### BACKGROUND

Richard J. Klarchek ("Richard") filed a voluntary petition of Chapter 11 bankruptcy on October 6, 2010. (Mot. ¶ 1.) The Chapter 11 proceeding was converted to a Chapter 7 liquidation proceeding on May 1, 2012. (*Id.*) Richard J. Mason ("Trustee") is the appointed trustee. (*Id.*) The Trustee filed an adversary complaint in the bankruptcy court, opposing

Richard's transfer of an interest in two Illinois land trusts that held legal title to two condominiums, where Richard and Michelle principally reside. (*Id.* ¶ 2.) Richard sought to transfer his interest from himself to Richard and Michelle as tenants by the entirety. (*Id.*) *Mason v. Klarchek*, Adv. No. 12 A 01688 (Bankr. N.D. Ill. 2012) (the "Adversary Proceeding").

The complaint filed in the Adversary Proceeding alleges three claims, based upon Illinois statutory or common law claims: (1) the creation of the tenancy by the entirety was established simply to defeat the claims of Richard's creditors; (2) the transfer to Michelle which created the tenancy by the entirety was a fraudulent transfer; and (3) Michelle's appointment of Richard with a power of direction over the land trusts ignores a necessary element to establish a tenancy by the entirety.[1] (*Id.* ¶ 3.) The Trustee also filed an objection to an exemption claimed by Richard. (Resp. Ex. A.)

The Movants filed answers in opposition to the Adversary Proceeding. The Movants argue this Court should withdraw the reference of the Adversary Proceeding to the bankruptcy court and, instead, designate the Adversary Proceeding on the Northern District Court of Illinois's docket. The Movants seek to have the reference to the bankruptcy court withdrawn for cause, pursuant to 28 U.S.C. § 157.

The Trustee opposes the motion to withdraw the reference and re-docket the Adversary Proceeding as a jury proceeding in the Northern District of Illinois.

---

[1] The Trustee has filed a motion for leave to amend his complaint in the Adversary Proceeding, and the amended complaint presented includes five counts, including (1) avoidance of transfer under 11 U.S.C. § 544(b) and 735 ILCS 5/12-112; (2) avoidance of fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(A)-(B); (3) avoidance of fraudulent transfers pursuant to 11 U.S.C. § 544(b) and 28 U.S.C. §§ 3001 *et seq.*; as well as two claims for declaratory relief. The bankruptcy court heard the Trustee's motion on April 24, 2013.

## LEGAL STANDARD

>28 U.S.C. 157(d) provides:
>
>The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

This "provision has been read narrowly so that withdrawal of the reference is mandatory only where resolution of the claims will require substantial and material interpretation of a non-title 11 statute, or which involve an analysis of significant open and unresolved issues regarding non-Title 11 law." *In re Coe-Truman Technologies, Inc.*, 214 B.R. 183, 185 (N.D. Ill. 1997) (*Coe-Truman*) (citations and quotations omitted). "Conversely, withdrawal of the reference is not required where resolution of the proceeding involves the mere application of well-settled non-bankruptcy law to a new factual setting." *Coe-Truman*, 214 B.R. at 185 (citing *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996)). "Withdrawal is traditionally the exception, rather than the rule . . . ." *In re Emerald Casino, Inc.*, 467 B.R. 128, 135 (Bankr. N.D. Ill. 2012). However, a bankruptcy court is not authorized to conduct a jury trial. *Matter of Grabill Corp.*, 967 F.2d 1152, 1158 (7th Cir. 1992).

To determine whether or not withdrawal of the reference is appropriate, courts in this District traditionally consider the following factors: "(i) whether the proceeding is core or non-core, (ii) considerations of judicial economy and convenience, (iii) promoting the uniformity and efficiency of bankruptcy administration, (iv) forum shopping and confusion, (v) conservation of debtor and creditor resources, and (vi) whether the parties requested a jury trial." *Emerald Casino*, 467 B.R. at 135. "The bankruptcy judge shall determine, on the judge's own motion or

on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." 28 U.S.C. § 157(b)(3).

## ANALYSIS

In the instant case, the Trustee contends that the Movants failed to demonstrate that "cause" exists to withdraw the reference of the Adversary Proceeding to the bankruptcy court. At the very least, the Trustee provides, their motion to withdraw the reference is premature.

The Movants argue the Adversary Proceeding is not a core proceeding and further contend that they have not consented to the entry of final judgment and have demanded a jury trial. On these bases, the Movants reason that the Adversary Proceeding must be heard by a district court. Relying on the United States Supreme Court's decision in *Stern v. Marshall*, the Movants argue that the Trustee's claims of fraudulent transfer must be adjudicated by a district court. (Mot. at 3-4) (citing *Stern v. Marshall*, 131 S. Ct. 2594 (2011) (*Stern*)). In *Stern*, the Supreme Court ruled that a bankruptcy judge lacked the constitutional authority to enter final judgment on a counterclaim based strictly on state law in a bankruptcy proceeding. *Id.* A bankruptcy court may hear such claims, as well as proposed findings of facts and conclusions of law, but a district court must "finally decide them." *Stern*, 131 S. Ct. at 2620. The Supreme Court characterized the question presented before it in *Stern* as "narrow." *Id.*

As discussed above, the withdrawal of a reference is appropriate only in limited circumstances, and withdrawal is the exception, rather than the rule. Here, the bankruptcy court has the ability to consider the claims made by the Trustee in the Adversary Proceeding, which appear to be, at least in some measure, directly related to the administration of the underlying bankruptcy, though the bankruptcy judge determines whether a proceeding is a core proceeding. 28 U.S.C. § 157(b)(3). Moreover, the considerations of judicial economy, convenience,

4

uniformity of bankruptcy administration, and avoidance of confusion all weigh significantly in favor of denying the Movants' motion to withdraw the reference. Of the courts that have considered the issue of an early withdrawal of a reference to bankruptcy court, "the overwhelming majority have declined, post-*Stern,* to withdraw the reference, recognizing the value of the bankruptcy judge's familiarity with relevant law and the facts of the cases before them." *Emerald Casino*, 467 B.R. at 134.

Duly recognizing the value of the bankruptcy judge's familiarity with the pertinent law and facts underlying this case, it is improper to withdraw the reference at this time. If, as the Trustee concedes, the bankruptcy judge determines a jury trial is necessary, or he otherwise lacks the authority to fully adjudicate the Adversary Proceeding, the Movants may renew their motion when all pre-trial matters have been resolved.

## CONCLUSION

For the reasons stated above, the Movants' Motion to Withdraw the Reference [1] is denied.

Date:   May 2, 2013

JOHN W. DARRAH
United States District Court Judge

5